H. B. Adams et al. v. G. A. Mauermann et al.

Decided February 25, 1897.

Deed—Construction—Power of Sale.

A deed conveyed to grantor's wife and three daughters his share in his deceased father's estate, and gave the wife power to sell and convey it for her own use and benefit and that of her said daughters. It also conveyed to the wife and daughters certain other land, his separate property, and gave to the wife "full power and authority to sell, convey and dispose of all the property herein deeded to her, for her own use and for the use and benefit of her said minor children, as she may see fit and proper." The grantor afterwards joined with his wife in a conveyance of such land to other parties. Held that the power given to the wife by the first deed, to convey the land not derived from the father's estate, extended only to the interest conveyed to her by such deed, and her conveyance did not affect the title acquired by the daughters.

Question Certified from Court of Civil Appeals, Fourth District, in an appeal from Bexar County. The conveyances construed are copied in the opinion.

*Onion & Simpson,* for appellants.—The land sued for was conveyed by deed of gift by Hiram A. Mitchell to his wife and to his minor children, Julia, Ella and Leonora, with a full and complete power of sale contained in the same deed to the wife, Laura J. Mitchell, to sell said land for the use and benefit of herself and her said minor children; and the undisputed evidence showed that thereafter, on and about the 30th day of August, 1871, the said wife, Laura J. Mitchell, duly joined by her husband, Hiram A. Mitchell, did sell the said land in controversy to H. B. Adams and E. D. L. Wickes, through whom these defendants claim, and the court erred in holding that the sale did not divest title out of said minors to said land. Carter v. Bakkelen, 20 Atl. Rep., 781; Carroll v. Shea, 149 Mass., 317; Moyston v. Bacon, 7 Lea (Tenn.), 236; Jecko v. Taussig, 45 Mo., 167; Threadgill v. Bickerstaff, 29 S. W. Rep., 758; Harrison v. Boring, 44 Texas, 255.

*Perry J. Lewis, Simpson & Onion* and *West & Cochran,* filed an argument on behalf of appellant and in reply to appellee, in which they cited: Hancock v. Butler, 21 Texas, 805; Flagg v. Eames, 40 Vt., 16; Smith v. Packhurst, 3 Atk., 136; 2 Washburn, Real Prop., 628; State v. Trask, 6 Vt., 355; Noyes v. Nichols, 28 Vt., 159; Jackson v. Hudson, 3 John., 383; Bodine's Admr. v. Arthur, 91 Ky., 53; Henderson v. Mack, 82 Ky., 379; Railiffe v. Marrs, 87 Ky., 26; McLeod v. Tarrant, 20 Law Rep. Ann., 846; Fogarty v. Stack, 86 Tenn., 610; Berridge v. Glassey, 56 Am. Rep., 324; Bassett v. Budlong, 77 Mich., 338; Garrett v. Christopher, 74 Texas, 453; Bedford v. Rayner Cattle Co., 35 S. W. Rep., 933; Hough v. Hill, 47 Texas, 148; Lumber Co. v. Pinkard, 4 Texas Civ. App., 681; Rogers v. Bracken, 15 Texas, 564; Luik v. Page, 72 Texas, 592.

*R. L. Summerlin, John H. Clark* and *T. A. Fuller,* for appellees.—First. Where a grantor for a recited consideration of love and affection conveys in the usual form of a general warranty deed to his wife and their children, naming them, that a legal title vest in each to an undivided

one-fourth of the land described. Second. Where the title is vested by deed complete, the same will not be defeated or controlled by authority given to sell in the habendum clause of a second conveyance of other property, although written on the same paper. Third. The habendum clause will not have the effect to destroy the title which has been conveyed in the body of the deed, and will not be read for the purpose of contradicting the deed, although a part of the deed in which the title is conveyed. Fourth. The habendum clause can only be looked to for the purpose of explaining a deed where it is not explicit, and cannot be made to control or contradict the express language of the conveying part of said deed. Fifth. Where a deed conveys title to four separate parties, authority to one to sell that "deeded to her," does not show an intention to authorize her to sell that deeded to other parties. Sixth. Power to sell is incident to ownership, and a grantor cannot, after conveying the title, reserve the right to sell or give the right to another, especially where no trust is specified or defined; such a construction would allow the title defeated without any benefit to the vendee or liability upon the trustee. Seventh. The deed by Mitchell and wife to Adams and Wickes shows no intention to convey under a power, and only conveys that deeded to wife.

The deed under which appellees claim is a full statutory warranty deed: Rev. Stats. (1895), art. 628. The legal title vested in the children in common with the mother, and could not be defeated by the habendum clause. Moore v. City of Waco, 85 Texas, 206; Brown v. Harris, 27 S. W. Rep., 45. The power of attorney will be strictly construed so as to exclude exercise of power not clearly given: Gouldy v. Metcalf, 75 Texas, 455. Title in one with right to sell in another cannot co-exist: De Peyster v. Michael (N. Y.), 57 Am. Dec., 474. Where two clauses in a deed are repugnant, the first will prevail: Pynchon v. Stearns (Mass.), 45 Am. Dec., 210; Hafner v. Irwin (N. C.), 34 Am. Dec., 390; 2 Parsons on Contracts, 513, note O. (5th ed.). Where premises make certain the title that is to pass, the same cannot be qualified by the habendum: 3 Washburn, 434, 436, 437 to 439; Teidman, secs. 843 and 844; 4 Kent, top page 519; Devlin on Deeds, secs. 213, 214, 216, 217, 219 and 220; 1 Jones' Real Estate, sec. 670, and secs. 516 et seq., and 528, 531, 561 to 571. A wife cannot at law act as trustee of the husband: 14 Am. & Eng. Enc., 681, note 2. Conveyance by an attorney must be in name of principal, especially where attorney holds a separate interest: Devlin, secs. 377-379; Teidman, secs. 805 and 806.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for Fourth Supreme Judicial District has certified to this court the following statement and question:

"The suit is in the ordinary form of an action of trespass to try title. The common source of title to the property in controversy is Hiram A. Mitchell, it having been his separate estate prior to his execution of the following deed:

" 'The State of Texas,
            " 'County of Bexar.

" 'Know all men by these presents, That I, Hiram A. Mitchell, of said County of Bexar and State of Texas, for and in consideration of the love and natural affection I have for Laura J. Mitchell, my wife, and Julia, Ella and Leonora, my children, I have this day sold, granted, bargained, conveyed and released, and by these presents do sell, grant, bargain, convey and release unto the said Laura J. Mitchell, my wife, and unto Julia, Ella and Leonora, my children, all the right, title and interest I have in and to the following described land, to-wit:

" 'To Lot No. 1 in a plot of the property known as the Hospital Lot, and which said lot is now on file in the office of the Probate Court of said county, fronting 32 feet, 7 inches on Soledad street and running back one hundred feet. Said lot lying and being situated in the City of San Antonio, Bexar County.

" 'Also, an undivided one-fourth interest in a tract of land of seventeen hundred and seventy-two acres, being the headright of Asa Mitchell, lying in Brazoria County, near Columbia, on the east bank of the Brazos River, and for full description see old Spanish grant. (Description of several tracts not in question, omitted.)

" 'To have and to hold said lands, with all improvements and appurtenances thereunto belonging, unto the said Laura J. Mitchell, Julia, Ella and Leonora Mitchell, all the right, title and interest I have in and to the same unto the said parties. I also give unto the said Laura J. Mitchell, my wife, and unto the said Julia, Ella and Leonora, my children, all right, title and interest I may have in and to any property, real, personal or mixed, I may have due and coming to me from my deceased father, Asa Mitchell's estate, not yet set aside to me, agreeing to warrant and defend the title to the same unto the said Laura J., Julia, Ella and Leonora, giving unto my wife, Laura J., full power to receive and receipt for the same as fully as I myself could, ratifying all that she may do in the premises. Giving unto the said Laura J. Mitchell full authority to sell, convey, dispose of and to make good titles to the same for her own use and benefit and for the use and benefit of my said minor children, Julia, Ella and Leonora. Making and giving unto the said Laura J. Mitchell full power and authority to sell, convey and dispose of any or all of the property herein deeded to her for her own use and for the use and benefit of said minor children as she may see proper and fit. I agree to warrant and defend the titles to the same against any or all persons claiming the same.

" 'In testimony of which I have hereunto set my hand and seal, using scroll for seal, this July 19th, 1866.

 (Signed)          " 'H. A. Mitchell.   (Seal.)
 " 'In presence of:
  " 'W. J. Joyce,
  " 'Henry C. Thompson,
 " 'Asa Mitchell.' "

This deed was acknowledged on the 21st day of July, 1866, and duly recorded in Brazoria County on the 18th day of September, 1871.

"The appellees are Julia, Ella and Leonora, who are designated in the deed by the grantor as his children; and it is under this instrument they claim title to the property.

"The appellants claim under the following deed:

"'State of Texas,
     "'County of Bexar.

"'Know all men by these presents, that we, Laura J. Mitchell and Hiram A. Mitchell, of the County of Bexar, State of Texas, for and in consideration of Eleven Hundred, seven 50-100 Gold Dollars, to us paid by H. B. Adams and E. D. L. Wickes, of the County of Bexar, State of Texas, the receipt whereof is hereby acknowledged, have granted, bargained, sold and by these presents, do grant, bargain, sell, convey and deliver unto said H. B. Adams and E. D. L. Wickes, their heirs and assigns, all that tract or parcel of land lying and being in the County of Brazoria, State of Texas, bounded and described as follows, to-wit: (443 acres) an undivided one-fourth interest in and to a tract of land, containing seventeen hundred and seventy-two acres, more or less, situated on the East Bank of the Brazos River, near the town of Columbia, it being a portion of the half of a league of land fronting on the Brazos River, originally granted to Asa Mitchell. For a more full and complete description of said land reference is here made to the original grant which is recorded in Brazoria County. The land herein conveyed being the same land which was conveyed to Laura J. Mitchell, one of these vendors, by H. A. Mitchell, by deed bearing date July 19th, 1866, which is recorded in the records of Bexar County, in Book U, No. 1 on page 97, and was conveyed to said H. A. Mitchell by R. H. Belvin, William J. Joyce and Hiram A. Mitchell, Executors of the Last Will and Testament of Asa Mitchell, deceased, by deed dated May 25th, 1866, which is recorded in Book T, No. 2, on page 781, Bexar County Records.

"'To have and to hold all and singular the premises above mentioned, with the rights, members, hereditaments and appurtenances to the same belonging, or in anywise incident or appertaining unto the said H. B. Adams and E. D. L. Wickes, their heirs and assigns forever.

"'And we hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said H. B. Adams and E. D. L. Wickes, their heirs and assigns, against every person whomsoever, lawfully claiming or to claim the same or any part thereof.

"'In testimony whereof, we have hereunto set our hands in San Antonio, the 30th day of August, A. D., 1871.

"'In presence of

                        "'Laura J. Mitchell,
                        "'Hiram A. Mitchell.'

"Which deed was duly acknowledged on the day of its date and was duly filed for record in Brazoria County on the 18th day of September, 1871, at 5 o'clock p. m."

"And their contention is that this deed conveys the interest of appellees and was authorized by a power of sale contained in the first deed copied in this statement.

"QUESTION: Was the effect of the last deed to divest appellees of the interest they had in the property by virtue of the first, and to vest title to such interest in H. B. Adams and E. D. L. Wickes?"

We answer that the deed made by Laura J. and H. A. Mitchell to Adams & Wickes did not convey to the latter the interest of the appellees in the land embraced in that deed.

The intention of H. A. Mitchell in making the deed to Laura J. Mitchell, his wife, and Julia, Ella and Leonora Mitchell, his children, must be ascertained from the language used by him. That instrument embraces two distinct and complete conveyances of different property. It first conveys to Laura J. Mitchell and Julia, Ella and Leonora, specific property set out and described in the deed, which includes that involved in this suit; and secondly, it conveys to the same parties all of the property that the grantor might be entitled to receive from his father's estate which had not been delivered to him before the making of that instrument and empowered Laura J. Mitchell to receive and receipt for the "same." Two distinct powers of sale are embodied in that instrument. The first empowers Laura J. Mitchell to sell all of the property which she might receive from the estate of H. A. Mitchell's father under that deed; secondly, it empowers her "to sell, convey and dispose of any or all of the property herein deeded to her for her own use and for the use and benefit of said minor children, as she may see proper and fit." The purpose for which the sale was authorized to be made was the use and benefit of Laura J. Mitchell and the children, and the property which was authorized to be sold was all that was "deeded to her." The interest of the children Julia, Ella and Leonora was distinctly and clearly deeded to them, and was not deeded to Laura J. Mitchell; therefore she was not by the terms of this power authorized to sell their interest.

It is urged in argument that the purpose for which the land was to be sold was the support of the wife and children and that it is not reasonable to suppose that the grantor intended to appropriate to this purpose the share of the wife alone; that was a question for the grantor to determine before he made the deed and not for the court to decide in order to control the construction of the instrument. It appears from the face of this instrument that the grantor intended to subject to the use of the family all of the property which might be received from his father's estate, and the interest which he conveyed to the wife in the property specifically described, leaving that conveyed to the children for their separate benefit. This may have been a proper disposition of the property under the circumstances. Granting, however, that it was not, and that it would have been more reasonable to have authorized the sale of

that portion deeded to the children as well as that deeded to the wife, nevertheless the property belonged to H. A. Mitchell and he had a right to dispose of it according to his own judgment and inclination.